UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
FREEDOM MORTGAGE CORPORATION,

                   Plaintiff,                              **MEMORANDUM
AND ORDER**

                -against-                            **19-CV-4123 (ENV)**

LAVERNA WILLIAMS, et al.,

                   Defendants.
---------------------------------------------------------------x
ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

       Currently pending before this Court is the request of plaintiff Freedom Mortgage

Corporation ("plaintiff") for an extension of time to file a motion to substitute for defendant

Laverna Williams ("defendant" or "Williams") pursuant to Rule 25(a) of the Federal Rules of

Civil Procedure (the "FRCP"), following Williams' death.  See Status Report (Jan. 25, 2022)

("1/25/22 Pl. Ltr."), Electronic Case Filing ("ECF") Docket Entry ("DE") #39; Response to

Order to Show Cause (Feb. 8, 2022), DE #40 ("2/8/22 Pl. Response").  For the reasons that

follow, this Court grants plaintiff's motion for an extension of time.

## BACKGROUND

       On July 17, 2019, plaintiff commenced this action against defendants Williams and

Donnie Stephenson to foreclose on a residential mortgage on real property located at 115

Allers Boulevard, Roosevelt, New York 11575.  See Complaint (July 17, 2019), DE #1.[1]  On

February 20, 2020, the Honorable Eric N. Vitaliano, the District Judge to whom this case is

---

[1] Stephenson is the holder of a lien subordinate to plaintiff's mortgage lien.  See Compl. ¶ 4.  On November 12, 2019, after Stephenson failed to answer or otherwise respond to the Complaint, the Clerk of Court entered a notation of default against Stephenson.  See Entry of Default (Nov. 12, 2019), DE #19.

assigned, set a briefing schedule for plaintiff to move for summary judgment.  <u>See</u> Order (Feb. 20, 2020).  The briefing schedule was thereafter adjourned several times due to various foreclosure moratoriums initiated in response to the COVID-19 pandemic.  <u>See, e.g.</u>, Motion for Extension of Time to File (Apr. 6, 2020), DE #25; Motion for Extension of Time to File (June 23, 2020), DE #27; Motion for Extension of Time to File (Sept. 9, 2020), DE #30.

By letter dated October 4, 2021, before defendant's summary judgment opposition papers were due, counsel for defendant Williams advised that Williams had died and he attached a copy of the death certificate, documenting Williams' death on June 14, 2021.  <u>See</u> Letter advising of Defendant's death (Oct. 4, 2021) ("Suggestion of Death"), DE #38; Death Certificate, DE #38-1.  In response, this Court, citing Rule 25 of the FRCP, ordered that any motion for substitution be filed by January 3, 2022.  <u>See</u> Scheduling Order (Nov. 8, 2021). Although no motion was filed, on January 25, 2022, plaintiff advised that it had not been able to move for substitution by the deadline set because plaintiff was "still in the process of identifying the deceased mortgagor's heirs-at-law and distribute[e]s."  1/25/22 Pl. Ltr. at 1. Plaintiff further explained that it had been unsuccessful in identifying a substitute defendant, despite having conducted a search of Nassau County Surrogate's Court records, a LexisNexis search and having sent two sets of correspondence to at least five individuals believed to be heirs-at-law of Williams.  <u>See</u> <u>id.</u>

Since no motion was timely made to substitute for Williams, the Court directed plaintiff to show cause why the claims against Williams should not be dismissed pursuant to Rule 25. <u>See</u> Scheduling Order (Jan. 31, 2022).  In response, plaintiff argues that it has demonstrated excusable neglect to warrant an extension of time to move to substitute under Rule 6(b) of the

2

FRCP. <u>See</u> 2/8/22 Pl. Response at 4-8. Counsel for Williams contends that plaintiff's "sporadic inquiries" about decedent's heirs are insufficient to show that plaintiff acted diligently. <u>See</u> Response to Order to Show Cause (Feb. 14, 2022) at 4, DE #42.

## DISCUSSION

### I.  Legal Standards

"If a party dies, and the claim is not extinguished," then under Rule 25(a)(1) of the FRCP, "any party or . . . the decedent's successor or representative[]" may make a motion for substitution. Fed. R. Civ. P. 25(a)(1). "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." <u>Id.</u> Nevertheless, despite the seemingly mandatory dismissal language of Rule 25, courts may extend the time to move for substitution, pursuant to Rule 6(b) of the FRCP, "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); <u>see</u> <u>Smith v. Thebaud</u>, 258 F.R.D. 207, 209 (E.D.N.Y. 2009) (explaining that FRCP 6(b) "works in conjunction with Rule 25(a)(1) to provide the intended flexibility in enlarging the time for substitution") (quoting <u>Zeidman v. Gen. Accident Ins. Co.</u>, 122 F.R.D. 160, 161 (S.D.N.Y. 1988)); <u>Kernisant v. City of New York</u>, 225 F.R.D. 422, 427 (E.D.N.Y. 2005) ("The Court is authorized to extend the time in which to file a motion for substitution before or after the expiration of the ninety-day period pursuant to Fed. R. Civ. P. 6(b).").

Prior to its amendment in 1963, Rule 25 required dismissal of an action if the motion for substitution was not filed within two years of the party's death. <u>See</u> <u>Smith</u>, 258 F.R.D. at 210; <u>Kernisant</u>, 225 F.R.D. at 431 n.12 (citing <u>Unicorn Tales, Inc. v. Banerjee</u>, 138 F.3d 467,

469 (2d Cir. 1998)).  The purpose of the amendment allowing substitution within 90 days, and

allowing extension of the 90-day deadline, was to remove the "hardships and inequities"

caused by the formerly "inflexible requirement that an action be dismissed" if substitution was

not made within two years.  See Fed. R. Civ. P. 25 advisory committee's note to 1963

amendment; see also Lizarazo v. Miami-Dade Corr. & Rehab. Dep't, 878 F.3d 1008, 1011

(11th Cir. 2017).  The "history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time

period was not intended to act as a bar to otherwise meritorious actions, and extensions of the

period may be liberally granted."  Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1094

(9th Cir. 2017) (quoting Cont'l Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993));

see also Staggers v. Otto Gerdau Co., 359 F.2d 292, 296 (2d Cir. 1966) ("[T]he history of the

1963 amendment to Rule 25 makes clear that the 90 day period was not intended to act as a bar

to otherwise meritorious actions.").

        To demonstrate excusable neglect, the moving party has the burden of showing (1) a

reasonable basis for noncompliance within the time specified, and (2) good faith.  See In re

PaineWebber Ltd. P'ships Litig., 147 F.3d 132, 135 (2d Cir. 1998); Yonofsky v. Wernick,

362 F.Supp. 1005, 1012 (S.D.N.Y. 1973); see also Tancredi v. Metropolitan Life Ins. Co.,

378 F.3d 220, 228 (2d Cir. 2004).  Excusable neglect under Rule 6(b) "is a somewhat 'elastic

concept' and is not limited strictly to omissions caused by circumstances beyond the control of

the movant."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392

(1993) (footnote omitted).  The determination of whether "excusable neglect" has been shown

is "at bottom an equitable one, taking account of all relevant circumstances surrounding the

party's omission," including prejudice to the other party, the reason for the delay, its duration,

and whether the movant acted in good faith.  Id. at 395; see Alexander v. Saul, 5 F.4th 139,

148 (2d Cir. 2021); Yonofsky, 362 F.Supp. at 1015 (citing Staggers, 359 F.2d at 296-97).

## II.    Application to the Facts

Here, plaintiff has demonstrated that it acted diligently to identify the decedent's

distributees and heirs-at-law in order to timely move for substitution.  On October 4, 2021, the

same day that counsel for Williams filed a suggestion of death on the record, plaintiff's counsel

contacted him to determine if the decedent died intestate and whether the decedent's heirs-at-

law planned to file a petition in surrogate's court.  See Declaration of Stephen J. Vargas (Feb.

8, 2022) ("Vargas Decl.") ¶ 4, DE #41.  Counsel for Williams responded that the decedent

died intestate but that he "believe[d] the son is working on letters of administration."  Id. &

Ex. B at ECF p. 2, DE #41-2.  On November 8, 2021, counsel for plaintiff contacted

Williams' counsel again, asking whether he represented the estate of the decedent and whether

he intended to file a motion for substitution in this case.  See Vargas Decl. ¶ 4 & Ex. B at

ECF pp. 7-8.  Counsel for Williams responded that he does not represent the estate, but he

advised that Williams died intestate and no motion to appoint an administrator had been filed.

See Vargas Decl. ¶ 4 & Ex. B at ECF p. 7.  On November 12 and November 23, 2021,

plaintiff's counsel requested updates from counsel for Williams.  See Vargas Decl. ¶ 4 & Ex.

B at ECF pp. 10-11.  On November 23, 2021, counsel for Williams again advised that

Williams' son would be applying for letters of administration.  See Vargas Decl. ¶ 4 & Ex. B

at ECF p. 10.

Following the communications between counsel, plaintiff retained Advantage

Foreclosure to conduct a Nassau County New York Surrogate's Court search to determine

whether a petition had been filed by Williams' son.  <u>See</u> Vargas Decl. ¶ 5.  No such records were found.  <u>See id.</u> & Ex. C, DE #41-3.  On December 29, 2021, plaintiff's counsel conducted searches of the internet and LexisNexis in an effort to identify the decedent's heirs-at-law.  <u>See</u> Vargas Decl. ¶ 5 & Ex. D, DE #41-4.  Based on that information, plaintiff's counsel sent letters to several possible heirs-at-law, but they failed to respond.  <u>See</u> Vargas Decl. ¶ 5 & Ex. D, DE #41-4; Vargas Decl., Ex. E, DE #41-5; Vargas Decl., Ex. F, DE #41-6.

Thus, it appears that plaintiff's counsel has acted in good faith and has made diligent efforts to identify an appropriate representative for substitution.  There is no indication in the record that plaintiff acted in bad faith.  Immediately upon learning of Ms. Williams' death, counsel for plaintiff contacted the decedent's counsel to ascertain whether the decedent died intestate and whether the decedent's heirs-at-law planned to file a petition in surrogate's court.  Having received no further information from the decedent's counsel, plaintiff's counsel followed up the following month and continued to do so.  Subsequently, counsel for plaintiff caused  searches to be made of surrogate court records to determine whether a petition had been filed and conducted internet searches to identify the decedent's heirs-at-law.  The difficulty encountered by plaintiff's counsel in identifying an appropriate substitute for the deceased defendant weighs heavily in plaintiff's favor.  <u>See</u> <u>Smith</u>, 258 F.R.D. at 210 (noting that "plaintiff's counsel struggled to find a proper substitute for [defendant]"); <u>Kernisant</u>, 225 F.R.D. at 430 (recognizing "extensive delays in the appointment of a representative for the decedent's estate"); <u>George v. United States</u>, 208 F.R.D. 29, 33 (D. Conn. 2001) (attributing

delay to "difficulties in appointing the executor"); <u>Yonofsky,</u> 362 F.Supp. at 1014 (finding excusable neglect because of "difficulties" in appointing the executor).

Moreover, the delay in obtaining the appointment of an administrator during a global pandemic, as well as plaintiff's delay in seeking an extension pursuant to FRCP 6(b), have been relatively minimal. Although plaintiff should have filed a timely motion for an extension of time, plaintiff's counsel has, to date, been unable to find a proper substitute for defendant Williams. Thus, any potential delay in substitution would have likely occurred even if plaintiff had timely moved for an extension of time within the 90-day period.

In a letter filed on January 25, 2022, approximately three weeks after the deadline to move for substitution, counsel for plaintiff notified the Court as to why he had been unable to file for substitution and implicitly requested an extension of time. <u>See</u> 1/25/22 Pl. Ltr. at 1. Although plaintiff's letter was three weeks late, no identifiable prejudice was caused by plaintiff's failure to timely move to substitute a defendant for Williams. <u>See</u> <u>*In re* Lyondell Chem. Co.</u>, 543 B.R. 400, 411 (Bankr. S.D.N.Y. 2016) (the loss of "the windfall of a victory without judicial consideration of the claims against her on the merits . . . is not legally cognizable prejudice"); <u>see also</u> <u>Staggers</u>, 359 F.2d at 296 ("Of crucial importance is the fact that appellees suffered no prejudice from the two day delay."). Indeed, counsel for defendant also bears some responsibility for the delay in substituting for defendant Williams, as he failed to notify the Court of Williams' death until several months after her passing. <u>See</u> Suggestion of Death. Counsel for Williams also twice advised that Williams' son would apply for letters of administration, but he never did.

Accordingly, since the equities weigh in plaintiff's favor, the Court exercises its discretion to grant a 30-day extension of time to move for substitution, from the date of this Order.  See Chisolm-Mitchell v. Abear, 20-CV-3434 (PKC) (LB), 2022 WL 34611, at *4 (E.D.N.Y. Jan. 4, 2022) (granting plaintiff an extension of time to move for substitution of defendant on the ground of excusable neglect); Cabisca v. City of Rochester, 14-CV-6485, 2018 WL 6680595, at *2 (W.D.N.Y. Dec. 19, 2018) (granting plaintiff's untimely motion to substitute for defendant due to excusable neglect); Smith, 258 F.R.D. at 210-11 (granting plaintiff's motion for late substitution of defendant); George, 208 F.R.D. at 33 (granting plaintiff's motion for an extension of time and to substitute due to "difficulties in appointing the executor").

## CONCLUSION

For the foregoing reasons, this Court grants plaintiff's motion for an extension of time to move for substitution.  Any motion for substitution must be filed by April 22, 2022.

**SO ORDERED**

**Dated:**    **Brooklyn, New York**
         **March 23, 2022**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**